Burbridge *vs.* Anderson.

## No. 1053.

THE STATE EX REL. T. W. NELSON VS. POLICE JURY OF ST. MARTIN.

An appeal from an unsigned judgment will be dismissed.

APPEAL from the District Court for St. Martin. TRAIN, J.

*Breaux, Fenner & Hall* for Appellant. *Mouton & Martin* for Appellee.

WHITE, J., delivered the opinion dismissing the appeal.

## No. 1056.

ELEODILE LAMBERT VS. NATHANIEL BIRD.

Where the rule and practice of the court is to consider a case fixed upon answer filed and an answer was filed in the clerk's office during a recess of the court, and on the following day the defendant's counsel, when the case was reached, had the plaintiff called and non-suited during the temporary absence of her counsel from the court-room; *held*, that the judgment of non-suit was properly set aside and the case reinstated, and the judgment of the lower court on the trial, being sustained by the law and the facts, is affirmed.

APPEAL from the District Court for St. Landry. HUDSPETH, J.

*J. E. King* for Plaintiff. *Kavanagh* and *J. N. Ogden* for Defendant.

MANNING, C. J., delivered the opinion.

## No. 1060.

J. W. BURBRIDGE VS. T. C. ANDERSON.

A plea of payment to a suit for the revival of a judgment, if maintained, will defeat the revival.

Where the appellant gives no appeal bond, but other persons, not parties of record, do give bond for the appeal, and appear in the appellate court for the first time, and by

State *vs.* Avery.

petition, in which they allege that they are the real owners of the judgment sought to be revived, they will not be heard and the appeal will be dismissed.

APPEAL from the District Court for St. Landry. HUDSPETH, J.

*Baily* for Appellant. *Garland* for Appellee.

MARR, J., delivered the opinion dismissing the appeal.

---

## No. 1062.

### THE STATE VS. ROBERT ROBERTSON.

Among the grounds of the motion for a new trial was the alleged discovery since the trial that the defendant could prove by one Alfred Young that he took no part in the disturbance on the night of the homicide, and was endeavoring to separate those who were fighting. The judge in overruling it says the homicide was not committed during any disturbance, and hence the evidence was not pertinent. Nothing in the record enabling the court to know more than is thus given, the trial judge is presumed to have correctly stated the fact, and is held to have correctly ruled.

It is not error to refuse a new trial for cumulative proof.

Two of the jurors who found this verdict were called the next day in another case, and on their *voir dire* said they did not understand the English language well enough to understand the argument of counsel, but could comprehend the witnesses and the judge. This was another ground for new trial urged, and it was held that objection should have been made when the juror was offered.

APPEAL from the District Court for St. Landry. HUDSPETH, J.

*Perrodin*, District Attorney, for the State. *J. N. Ogden* for Defendant.

MARR, J., delivered the opinion affirming the judgment.

---

## No. 1064.

### THE STATE VS. ROBERT AVERY.

The defendant, having been convicted of perjury and sentenced therefor, assigned as error and moved in arrest of judgment for that he had not been asked if he had

17